25955-JPB

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN KEILMAN and CYNTHIA KEILMAN, | ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| *v.* | ) | No. 2017-cv-03683 |
| | ) | |
| SAM'S WEST, INC., by and through its | ) | Judge Charles P. Kocoras |
| Authorized agents, servants, and/or | ) | Magistrate Judge Young B. Kim |
| employees, | ) | |
| Defendants. | ) | |

## DEFENDANT SAM'S WEST, INC.'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFFS'COMPLAINT AT LAW

NOW COMES the Defendant, **Sam's West, Inc.**, by and through its attorneys, James P.

Balog and Brian M. Martinez of O'Hagan Meyer LLC, and pursuant to Fed. R. Civ. P. 8(b) and

(c), submits its Answer and Affirmative Defenses to Plaintiffs' Complaint at Law:

Count I — Negligence
Kevin Keilman v. Sam's West, Inc.

1. On or about April 13, 2016, and at all times material, Defendant SAMS, was a corporation duly registered in the State of Arkansas, with stores located throughout the Chicagoland area.

**ANSWER: The Defendant admits the allegations of paragraph 1 of Count I of**

**Plaintiffs' Complaint at Law.**

2. On or about April 13, 2016 and at all times material, SAMS was doing substantial business in Cook Count [*sic*] in the State of Illinois.

**ANSWER: The Defendant admits the allegations of paragraph 2 of Count I of**

**Plaintiffs' Complaint at Law.**

3. On or about April 13, 2016, SAMS operated, managed, conducted, and or controlled a business called SAM'S CLUB located at 21430 South Cicero, in the City of Matteson, in the County of Cook, in the State of Illinois.

**ANSWER:** **The Defendant admits operating a retail store at the time and place alleged but denies the remaining allegations and legal conclusions of paragraph 3 of Count I of Plaintiffs' Complaint at Law.**

4.      Prior to April 13, 2016, SAMS, contracted with Plaintiff's employer Hayes Beer Distributing Company, to receive beer deliveries to SAMS located at 21430 South Cicero, in the City of Matteson, in the State of Illinois.

**ANSWER:** **The Defendant admits the allegations of paragraph 4 of Count I of Plaintiffs' Complaint at Law.**

5.      On April 13, 2016, KEVIN KEILMAN was lawfully on the premises at SAMS as an employee of Hayes Beer Distributing Company, and invitee of SAMS, in order to deliver pallets of beer to SAMS.

**ANSWER:** **The Defendant admits the allegations of paragraph 5 of Count I of Plaintiffs' Complaint at Law.**

6.      On said date and before, and at all times material, Defendant SAMS employed various individuals to work the dock area.

**ANSWER:** **The Defendant admits the allegations of paragraph 6 of Count I of Plaintiffs' Complaint at Law.**

7.      On April 13, 2016, PLAINTIFF was met by an employee named Judy who was sitting behind a glass partition and handed Judy the delivery ticket.

**ANSWER:** **The Defendant has insufficient information to admit or deny the allegations of paragraph 7 of Count I of Plaintiffs' Complaint at Law and, therefore, neither admits nor denies the allegations.**

8.      On said date, Plaintiff then proceeded with permission from Judy, to enter the dock area and proceeded to walk to the dock door and lifted the SAMS dock door upward allowing access to the rear of his trailer.

**ANSWER:** **The Defendant has insufficient information to admit or deny the allegations of paragraph 8 of Count I of Plaintiffs' Complaint at Law and, therefore, neither admits nor denies the allegations.**

9.     At said place and time Plaintiff then removed two parcels in order for the designated SAMS dock worker named Andy to remove approximately 5 pallets of beer that were designated for SAMS.

**ANSWER:**   **The Defendant has insufficient information to admit or deny the allegations of paragraph 9 of Count I of Plaintiffs' Complaint at Law and, therefore, neither admits nor denies the allegations.**

10.     During the unloading process, Plaintiff proceeded back to the area where Judy was working and sat down on a broken-down pallet to wait for the beer to be off loaded by SAMS employee Andy.

**ANSWER:**   **The Defendant denies the allegations and legal conclusions of paragraph 10 of Count I of Plaintiffs' Complaint at Law.**

11.     At no time was Plaintiff told he could not sit in said area while waiting.

**ANSWER:**   **The Defendant denies the allegations and legal conclusions of paragraph 11 of Count I of Plaintiffs' Complaint at Law.**

12.     That Plaintiff had sat at or near this area in the past without discipline from SAMS or any of its employees or dock workers and there were no signage or other barrier that prevented or prohibited Plaintiff from sitting there.

**ANSWER:**   **The Defendant denies the allegations and legal conclusions of paragraph 12 of Count I of Plaintiffs' Complaint at Law.**

13.     That on said date this dock area had pallets placed throughout the area where plaintiff was sitting that had been left unattended, were opened, and or/partially broken down.

**ANSWER:**   **The Defendant denies the allegations and legal conclusions of paragraph 13 of Count I of Plaintiffs' Complaint at Law.**

14.     That on said date and after Andy finished removing approximately 5 skids of beer from Plaintiff's trailer, Plaintiff arose from his seated position and began to walk back to his trailer to complete the delivery.

**ANSWER:**   **The Defendant denies the allegations and legal conclusions of paragraph 14 of Count I of Plaintiffs' Complaint at Law.**

15. That at that time and place Plaintiff walked between 2 pallets placed there by SAMS employees and in doing so tripped on a clear piece of plastic that had been left to lie on the dock area, tightly stretched from one pallet to the adjacent pallet, that was unseen by Plaintiff causing him to suddenly fall and sustain a serious fracture requiring surgery.

**ANSWER:** **The Defendant denies the allegations and legal conclusions of paragraph 15 of Count I of Plaintiffs' Complaint at Law.**

16. This plastic wrap was lying flat to the dock floor and was not open and obvious to Plaintiff, or other invitees such as Plaintiff.

**ANSWER:** **The Defendant denies the allegations and legal conclusions of paragraph 16 of Count I of Plaintiffs' Complaint at Law.**

17. That there were no warning signs on, at or near to the pallets where Plaintiff had been sitting to warn Plaintiff that this plastic wrap was on the ground where he was allowed and permitted to walk.

**ANSWER:** **The Defendant denies the allegations and legal conclusions of paragraph 17 of Count I of Plaintiffs' Complaint at Law.**

18. That Plaintiff's attention was distracted from appreciating any tripping hazard left behind by SAMS agents and/or employees, including this plastic wrap, as Plaintiff was looking at his trailer while walking as Andy had just finished unloading the beer.

**ANSWER:** **The Defendant denies the allegations and legal conclusions of paragraph 18 of Count I of Plaintiffs' Complaint at Law.**

19. That Plaintiff had to encounter this plastic wrap as it was in the pathway to his trailer and crossed the dock floor from one pallet to the adjacent other.

**ANSWER:** **The Defendant denies the allegations and legal conclusions of paragraph 19 of Count I of Plaintiffs' Complaint at Law.**

20. That on or about April 13, 2016, Defendant SAMS by and through its agents, servants, employees, and apparent agents, including but not limited to its dock employees Judy and Andy, and others not yet identified, owed a duty of care to KEVIN KEILMAN so as to act with reasonable care to provide for his safety and provide him a safe place for him to perform his job.

**ANSWER:  The Defendant avers that duties arise by operation of law rather than by allegation of the pleader and, therefore, neither admits nor denies the duty as stated in paragraph 20 of Count I of Plaintiffs' Complaint at Law.**

21.     On April 13, 2016 and at all times material, SAMS individually, and thru its authorized agents, servants, and employees, breached its aforementioned duty to KEVIN KEILMAN in one or more of the following respects:

      a.      failed to provide Plaintiff with a safe and secure mandatory walking area while Plaintiff was in the dock area;

      b.      failed to provide Plaintiff with a safe and secure mandatory sitting area while Plaintiff was in the dock area;

      c.      failed to remove pallet deliveries from the dock floor that had arrived prior to Plaintiff's arrival;

      d.      had an unsafe practice of removing merchandise from some pallets in the dock area without regard to the plastic wrap debris left behind by its employees and dock workers;

      e.      failed to appreciate the tripping hazard of the plastic wrap debris used on the pallets and left behind by SAMS employees;

      f.      failed to section off the area where Plaintiff fell as a no walk zone;

      g.      failed to warn Plaintiff that its employees left behind some plastic wrap material that Plaintiff or others may not see and posed a danger;

      h.      maneuvered the already off loaded pallets that had been delivered prior to plaintiff's arrival into such a position so as to rip the plastic wrapping material, and in doing so, created a dangerous and hidden tripping hazard;

      i.      failed to monitor the dock area for any unsafe conditions as required by its own risk department protocols, procedures and guidelines;

      j.      failed to remedy this specific unsafe condition to the dock area that was created by its agents and employees while under their exclusive control;

      k.      was otherwise careless and/or negligent.

**ANSWER:  The Defendant denies each and every allegation and legal conclusion of paragraph 21 of Count I of Plaintiffs' Complaint at Law, including subparagraphs a through k.**

22. As a direct and proximate result of the aforementioned negligent acts and/or omissions, KEVIN KEILMAN suffered bodily harm, both internally and externally; underwent surgery, suffered and will in the future suffer disfigurement, pain and suffering, disability, and loss of a normal life; has an increased risk of future harm; suffered and will in the future suffer emotional distress; has lost and will in the future lose economic benefits including monies paid for medical care, lost wages, future medical care, and future lost wages.

**ANSWER: The Defendant denies the allegations and legal conclusions of paragraph 22 of Count I of Plaintiff's Complaint at Law; the Defendant further denies that the Plaintiff was injured or damaged in the manner or to the extent alleged, or as a result of any wrongdoing of the Defendant.**

WHEREFORE, the Defendant, **Sam's West, Inc**., denies that the Plaintiff **Kevin Keilman** is entitled to judgment in any sum and prays that the within suit be dismissed at Plaintiff's costs.

Count II — Loss of Consortium
<u>Cynthia Keilman v. Sam's West, Inc.</u>

1-22. Plaintiffs reincorporate paragraphs 1-24 [*sic*] and all subparts (a) thru (k) of Count I as paragraphs 1-22 of Count Two.

**ANSWER: The Defendant reasserts and restates its answers to paragraphs 1 through 22 of Count I as its answers to paragraphs 1 through 22 of Count II of Plaintiffs' Complaint at Law as though they were fully set forth herein.**

23. On April 13, 2016, Plaintiff CYNTHIA KEILMAN was and remains the lawful wife of Plaintiff KEVIN KEILMAN.

**ANSWER: The Defendant has insufficient information to admit or deny the allegations of paragraph 23 of Count II of Plaintiffs' Complaint at Law and, therefore, neither admits nor denies the allegations.**

24. As a result of the aforementioned negligent acts by Defendant SAMS, Plaintiff CYNTHIA KEILMAN has lost society, companionship, and sexual relationship with her husband, Plaintiff KEVIN KEILMAN.

**ANSWER:** The Defendant denies the allegations and legal conclusions of paragraph 24 of Count II of Plaintiffs' Complaint at Law; the Defendant further denies that the Plaintiff was injured or damaged in the manner or to the extent alleged, or as a result of any wrongdoing of the Defendant.

WHEREFORE, the Defendant, **Sam's West, Inc**., denies that the Plaintiff **Cynthia Keilman** is entitled to judgment in any sum and prays that the within suit be dismissed at Plaintiff's costs.

### AFFIRMATIVE DEFENSES

NOW COMES the Defendant, **Sam's West, Inc**., by and through its attorneys, James P. Balog and Brian M. Martinez of O'Hagan Meyer LLC, and for its affirmative defenses to Plaintiffs' Complaint at Law, states as follows:

1. That before and at the time of the occurrence alleged in Plaintiff's Complaint, Plaintiff **Kevin Keilman** was under a duty to exercise ordinary care for his own safety.

2. That if Plaintiff **Kevin Heilman** was injured and sustained damages as alleged in the Plaintiff's Complaint at Law, then the injuries and damages were sustained as a direct and proximate result of his breach of this duty when he committed one or more of the following negligent acts and/or omissions:

    (a) Failed to keep a proper look out; and/or

    (b) Failed to notice an open and obvious condition; and/or

    (d) Was otherwise careless and negligent at the time of the incident.

3. The forgoing acts or omissions of Plaintiff were the sole proximate cause or contributing cause of the injuries and damages sustained by Plaintiff, if any.

WHEREFORE, Defendant, **Sam's West, Inc**., respectfully requests that if the trier of fact finds in favor of the Plaintiff **Kevin Keilman** on the issue of liability that any amount of

damages awarded to him be reduced by the percent of negligence attributable to him that caused or contributed to his alleged injuries or damages. Alternatively, should the trier of fact find that his fault exceeds fifty percent (50%), that judgment be entered in favor of the Defendant and against the Plaintiff **Kevin Keilman** with prejudice and at the cost of the Plaintiff.

Date: June 14, 2017

Respectfully submitted,

Sam's West, Inc.

By: _____
One of its Attorneys
James P. Balog

James P. Balog, Esq. (#6185185)
Brian M. Martinez, Esq. (#6317607)
O'HAGAN MEYER LLC
Attorneys for Defendant, Sam's West, Inc.
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
Tel:     (312) 422-6100
Fax:     (312) 422-6110
jbalog@ohaganmeyer.com
bmartinez@ohaganmeyer.com

## CERTIFICATE OF SERVICE

This is to certify that on the June 14, 2017, I electronically filed the foregoing **Answer and Affirmative Defenses to Plaintiffs' Complaint at Law** with the Clerk of Court using the CM/ECF system, which will send notification of, and thereby serve such document on, the following attorneys of record:

> Joseph J. Leonard, Esq.
> Leonard Law Group LLC
> 300 South Ashland Avenue
> Suite 101
> Chicago, Illinois  60607

by first-class U.S. mail, properly addressed and deposited, with postage prepaid, at One East Wacker Drive, Chicago, Illinois, 60601.


Dated:  June 14, 2017


_____

James P. Balog