# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN KEILMAN and CYNTHIA KEILMAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 17 C 3683 |
| SAM'S WEST INC., by and through its authorized agents, servants, and/or employees, | ) ) ) ) ) | |
| Defendant. | ) | |

| | |
|---|---|
| SAM'S WEST INC., | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) ) |
| HAYES BEER DISTRIBUTING COMPANY, | ) ) ) ) |
| Third-Party Defendant. | ) |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Third-Party Defendant Hayes Beer Distributing Company's ("Hayes") motion to dismiss Counts II and III of Third-Party Plaintiff Sam's West Inc.'s ("Sam's West") Third-Party Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Hayes' motion.

1

# FACTUAL BACKGROUND

The following facts are taken from Sam's West's Complaint and are assumed to be true for purposes of this motion. *Murphy v. Walker,* 51 F.3d 714, 717 (7th Cir. 1995). The Court draws all reasonable inferences in Sam's West's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Sam's West, a Delaware Corporation headquartered in Bentonville, Arkansas, is a nationwide retail chain with various locations throughout Cook County. Hayes, a beer distribution company, is contracted to deliver beers to the Sam's West located at 21430 South Cicero.

## A. Keilman's Slip and Fall

On April 13, 2016, Kevin Keilman ("Keilman"), a Hayes employee, delivered a shipment of beer to Sam's West. Upon his arrival, Keilman backed his trailer into Sam's West dock and walked out to hand Judy, a Sam's West employee, his delivery ticket. He then re-entered the dock area and lifted the dock door to gain access to his trailer.

Keilman proceeded to unload pallet of beers with Andy, a Sam's West employee. Keilman unloaded two parcels, then sat on a broken-down pallet as Andy finished unloading. After Andy finished unloading, Keilman walked towards his trailer to complete the delivery. On his way to the trailer, Keilman walked between two pallets and tripped on a clear piece of plastic. Keilman admits he was distracted and did not notice that the plastic was tightly stretched from one pallet to the other.

On March 21, 2017, Keilman filed a complaint ("Keilman Complaint") against Sam's West in Cook County Circuit Court, alleging negligence and loss of consortium. On May 5, 2017, this case was removed to this Court by Sam's West based on diversity jurisdiction under 28 U.S.C. § 1332(a). On December 19, 2017, this Court allowed Hayes to intervene as a party in this lawsuit.

**B.     Third Party-Complaint**

On April 10, 2006, Sam's West and Hayes agreed to a "Short Form Vendor Agreement," ("Agreement") which governed Hayes' distribution, delivery, loading and unloading of goods. The Agreement was intact when Keilman was injured on April 13, 2016. In relevant part, Paragraph 6 of the Agreement states that:

> [Hayes] shall protect, defend, hold harmless and indemnify [Sam's West] . . . against any and all claims . . . even if such claims are groundless . . . arising out of any actual or alleged death of or injury to any person . . . [i]t is further agreed that all duties and obligations of [Hayes] set forth in this paragraph shall extend in full force and effect to the pallets or other transport or display provided by or at the direction of [Hayes].

On June 16, 2017, Sam's West, citing the Agreement, emailed Hayes a formal request for defense and indemnification. Hayes denied the formal request, alleging that the Agreement is invalid. Sam's West claims the Agreement's terms were triggered because Keilman was injured during the unloading process. Sam's West also asserts that Hayes proximately caused Keilman's injuries by inadequately training him and failing to provide him with the necessary equipment.

3

## PROCEDURAL BACKGROUND

On December 11, 2017, Sam's West filed this Third-Party Complaint against Hayes. Sam's West's three-count Third Party Complaint against Hayes sets forth the following causes of action: Count I, Contribution under the Illinois Joint Tortfeasor Contribution Act, 740 ILCS § 100/1; Count II, Breach of Contract, flowing from Hayes' denial to accept a tender of defense and indemnity against the Keilman Complaint; and Count III, Indemnification, seeking Hayes to indemnify Sam's West should it be found liable for damages in the Keilman action.

Hayes filed this instant motion on January 23, 2018 under Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss Counts II and III for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations, but must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. Illinois State Law Applies

In diversity cases, federal courts apply federal procedural and state substantive law. *Allen v. Cedar Real Estate Grp., LLP*, 236 F.3d 374, 380 (7th Cir. 2001) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Here, the parties agree that Illinois law applies in this case, and there is no reason for the Court to conclude otherwise.

### II. Validity of the Agreement

Hayes, in a convoluted and inherent manner, argues that Paragraph 6 of the Agreement is void under the Construction Contract Indemnification for Negligence Act ("Indemnification Act"), 740 ILCS 35/0.01 *et seq.*, because no accompanying dismissal provision based on good-faith settlement exists. Hayes further notes that even if a good-faith settlement exists, Illinois prevents enforcement of indemnity agreements that indemnify parties for their own negligence.

Sam's West contends that the Agreement does not fall under the Indemnification Act because the Agreement does not involve construction or repair work. In turn,

5

Hayes' rationale and analysis throughout its underlying briefs are erroneous. We agree with Sam's West.

The "Indemnification Act provides that indemnification provisions in construction contracts which purport to relieve a party from liability for its own negligence are void as against public policy." *Field v. Norfolk & W. Ry. Co.*, 1998 WL 372090, at *2 (N.D. Ill. 1998). The Indemnification act states:

> "With respect to contracts or agreements, either public or private, for the construction, alteration, repair, or maintenance of a building, structure, highway bridge, viaducts, or other work dealing with construction, or for any moving, demolition of excavation connected therewith, any covenant, promise or agreement to indemnify or hold harmless another person from the person's own negligence is void against public policy and wholly unenforceable."

 740 ILCS 35/1

The purpose of the Indemnification Act is to "foster workplace safety by preventing a party from insulating itself from liability through use of a contractual indemnification provision which may deter exercise of ordinary care." *Virginia Sur. Co. v. N. Ins. Co. of New York*, 2866 N.E.2d 149, 155 (Ill. 2007). This "Act does not apply to construction bonds or insurance contracts or agreements." 740 ILCS 35/3.

In relevant part, the Agreement states as follows:

> [Hayes] shall protect, defend, hold harmless and indemnify [Sam's West] . . . against any and all claims . . . even if such claims are groundless . . . arising out of any actual or alleged death of or injury to any person . . . [i]t is further agreed that all duties and obligations of Vendor set forth in this paragraph shall extend in full force and effect to the pallets or other transport or display provided by or at the direction of [Hayes].

After reviewing the terms of the Agreement, we find that it clearly does not fall within the purview of the Indemnification Act. The Agreement concerns Hayes' distribution, delivery, loading and unloading of goods to Sam's West. To support its blatantly erroneous assertion, Hayes relies on *Cooper v. Wal-Mart, Inc*, 959 F. Supp. 964 (C.D. Ill. 1997), a case involving a general contractor and subcontractor that contemplated construction work. Unlike *Cooper*, this Agreement does not involve or contemplate construction, repair, or maintenance work. The Agreement accordingly falls outside of the Indemnification Act.

## III.   Count II – Breach of Contract

Count II alleges that Hayes owes Sam's West a duty to defend and indemnify Sam's West in the underlying Keilman action. Sam's West asserts that a duty purportedly exists based on the Agreement. Hayes argues that it has no duty to defend or indemnify because the Agreement is unenforceable. Specifically, Hayes alleges that the Agreement can be interpreted as a clause indemnifying Sam's West for its own negligence, rendering it void under the Indemnification Act. However, having already found that the Agreement falls outside the Indemnification Act's scope, this argument will not be considered.

To plead a breach of contract claim under Illinois law, Sam's West must allege: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) resulting injury to the plaintiff."

*Applied Indus. Materials Corp. v. Mallinckrodt, Inc.*, 102 F. Supp. 2d 934, 937 (N.D. Ill. 2000) (citing *Gallagher Corp. v. Russ*, 309 Ill. App. 3d 192 (1999)). The Complaint clearly alleges the existence of a contract, performance by both parties, and damages resulting from the breach. Hayes does not argue otherwise. Accordingly, the focus is whether Sam's West has sufficiently alleged a breach.

"An indemnity agreement is a contract and is subject to contract interpretation rules." *Virginia Sur. Co.*, 224 Ill. 2d at 556. Under Illinois law, "the fundamental principle of contract interpretation is to give effect to the intent of the parties, which is determined by examining the language of the contract." *Applied Indus. Materials Corp.*, 102 F. Supp. 2d at 939. In construing a contract, "Illinois courts look to the entire agreement, and give effect - to the extent possible - to each provision." *Id.* "Absent explicit language to the contrary, the terms and phrases contained in the contract will be given 'their ordinary and natural meaning.'" *Id.*

Although indemnity clauses "are disfavored" and must be "strictly construed," the "strict construction rule" does "not come into play if a contract clearly provides for indemnification or defense, because a court 'may not strictly construe an indemnity contract if such construction conflicts with the intent of the parties.'" *Id* (quoting *Hanley v. Balbo Co.*, 1998 WL 673647, at * 1 (N.D. Ill. 1998)).

### A. Duty to Defend

In the Agreement, Hayes has broadly agreed to defend Sam's West "against any and all claims[,]" extending "in full force and effect to the pallets or other transport or

8

display provided by or at the direction of [Hayes]." Keilman, at the time of the incident, was an on-duty employee who was injured while performing his duties. Sam's West has factually alleged in its Complaint that Keilman was injured "during the unloading process," and after having "removed two parcels" of beer. At this stage of the pleadings, Sam's West has sufficiently pled that Keilman's injuries arose out of Hayes' duties and obligations of delivering and unloading the pallets.

### B. Duty to Indemnify

Hayes claims that it has no duty to indemnify because the Agreement speaks in terms of relative blameworthiness. Specifically, it argues that the Agreement is contingent upon Hayes' involvement, connection to, and conduct with respect to the merchandise that Hayes sold to Sam's West. Sam's West contends that Hayes does have a duty to indemnify, because its allegations arise out of Hayes' acts or omissions.

The duty to indemnify is "narrower than the duty to defend." *Howe v. Marathon Oil Co.*, 2001 WL 290184, at *5 (N.D. Ill. 2001). A party "may be obligated to defend another party even though" the party "might not ultimately be obligated to indemnify." *Id.* Hayes has broadly agreed, and no limiting language exists otherwise, to indemnify claims that arise out of its involvement or conduct in relation to its pallet distribution. In its Complaint, Sam's West alleges that Hayes proximately caused Keilman's injuries by failing to property train him in wrapping pallets of beer and failing to provide him with the necessary equipment. Accordingly, Sam's West has sufficiently pled that the

9

indemnification provision affords protection for claims arising out of Hayes' alleged negligence.

Accordingly, Hayes' motion to dismiss count II is denied.

However, at this juncture, the Court will not establish if Hayes is ultimately obligated to indemnify Sam's West for any of Keilman's claims. The duty to indemnify "will not be defined until the adjudication of the very action which [the indemnitor] should have defended." *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 180 (1992). Thus, "the obligation to indemnify does not accrue until there has been an event that 'fixes' the liability of the indemnitee." *In re Marriage of Hopwood*, 378 Ill. App. 3d 746, 317 (2008). Courts in this Circuit "regularly say that decisions about indemnity should be postponed until the underlying liability has been established." *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003).

### IIII. Count III - Indemnification

Count III essentially seeks a declaration ordering Hayes to indemnify Sam's West should it be found liable for damages in the Keilman action. Having denied Hayes' motion to dismiss regarding its duty to indemnify, we consequently decline to dismiss Count III. Again, it is premature to decide whether Hayes will ultimately be obligated to indemnify Sam's West; any remedy that invokes declaratory relief should sought after Keilman's claims are fully litigated. Hayes' motion to dismiss count III is denied.

## CONCLUSION

For the aforementioned reasons, the Court denies Hayes' motion to dismiss Counts II and III, without prejudice. It is so ordered.

Dated: 9/24/2018

_____
Charles P. Kocoras
United States District Judge